### JOHN W. JEFFERSON *vs.* CHARLES M. ADAMS, WM. ADAMS, and others.

Damages may be given by way of example or punishment, in an action of trespass assault and battery, though the defendant has been convicted and fined for the public offence.

THIS was an action of trespass quare clausum fregit, assault and battery, *et alia enormia* by Jefferson, against Adams and eight others.

The plaintiff proved a violent assault and battery, the entering of his house forcibly in the night time, beating him and driving him from the house; and he claimed exemplary damages.

*Frame,* for defendants, in opening to the jury, stated that the defendants had already been convicted on an indictment at this term, and punished by fine and very heavy costs, amounting to over $700; and took the ground that in consequence of this, no damages could be given in a civil suit for the same offence by way of public example: but that they 'must be confined to such damages as would compensate the plaintiff for the injuries done him.

The defendants now offered to prove that the plaintiff's house was a low tavern, at which disorderly conduct was frequently allowed; with a view, as they stated, to the mitigation of damages: the evidence was objected to, and ruled out by the court.

The defendants' counsel then offered to put the defendants' characters in issue, which was objected to, and the evidence excluded by the court. (*Greenleaf 's Ev.* 65, § 55.)

*Houston,* to the jury, argued that merely compensatory damages in such a case as this, would be ridiculous, and amount to no pro-

tection. The actual damage was almost nothing; a scratched face, and a torn coat; and yet, the plaintiff's house was forcibly entered in the night by eight or nine men; himself and his family abused and turned out of doors, and forced to fly for his life to the woods.

He cited 2 *Stark.* 813; 1 *Com. L. Rep.* 150; 2 *Maule & Selw.* 77; 14 *Johns. Rep.* 352; 8 *Pick.* 356; 3 *Hill* 180; 2 *Leigh N. P.* 1430-1; 15 *Marsh.* 493; 2 *Stark.* 897.

The defence impeached the principal witness on the part of the plaintiff, and supposed the case to be that Wm. Adams, having been admitted into the plaintiff's house, which was a tavern, got into a fight with plaintiff, and the others broke in to rescue him.

The plaintiff's counsel denied that there was any sufficient evidence of this, and called witnesses in support of the witness whose character had been impeached.

They also asked the court to charge, in relation to the law; 1. That though these defendants may have entered legally and peaceably, yet if they afterwards committed any trespass, they became trespassers from the beginning. 2. That though there may have been one principal trespasser, all persons who were present, aiding, assisting, abetting or consenting, were equally guilty. 3. That if the jury believed a trespass had been committed, they must take all the circumstances of aggravation into consideration in the assessment of damages. 4. That the jury were not confined to any pecuniary loss the plaintiff may have sustained, but might give exemplary damages according to the aggravation of the trespass. 5. That as the damages could not be apportioned, the jury might assess damages according to the conduct of the most culpable.

Booth, *Chief Justice,* charged the jury.—The case has been unreasonably protracted by the introduction into it, especially into the argument, of matters having no relation to the issue joined. All these matters are to be discarded from your consideration, which must be confined to the issue, whether the defendants committed a tresspass by breaking and entering plaintiff's house, and if they did, what are the damages? This is the general issue on the plea of not guilty. There is a plea of justification, but it has not been sustained by any evidence, nor relied on in the argument. The plaintiff kept a public tavern, and persons presenting themselves in a proper manner had the right to enter such a place; but they have no right to enter by violence or for the purpose of breaking the peace; or, having entered lawfully, if they are afterwards guilty of unlawful conduct, this makes them trespassers from the beginning.

The question then for the jury is, whether from credible testimony given by witnesses in the cause, the jury are satisfied that these defendants entered the plaintiff's house unlawfully, and in reference to the violence which would inculpate all of the defendants, the rule is, that any one present, aiding and abetting, or giving active countenance to others committing a breach of the peace or a trespass, is also guilty of a breach of the peace or trespass.

It was not denied that in actions of trespass for *wilful* injuries the jury might, if they thought the case required it, give damages by way of punishment, and beyond a mere compensation of the actual injury. It was for the jury to say whether there were circumstances of aggravation in this case, which ought in their judgment, to require a departure from the general rule of compensatory damages; and which called on them to add any thing by way of public example or punishment. As to the proceedings in the criminal court, they were not evidence, and could not have been given in evidence in this case, and were not to enter into the consideration of the jury in deciding it either as to the propriety of a verdict against the defendants, or for the amount of the damages. The indictment was between other parties; the State and these defendants, and not this plaintiff and the defendants; the verdict was rendered upon other testimony than that given in this case; even upon the testimony of the plaintiff himself and his wife; and the punishment, if any such has been inflicted, had reference to the public peace and not to this plaintiff's wrongs. It would obviously, therefore, be improper that these proceedings in the criminal court should enter into the present case for any purpose.

*Verdict for plaintiff, $50.*

*Layton, Houston* and *Smithers,* for plaintiff.
*Bates* and *Frame,* for defendants.